COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-391-CR

TERRY WAYNE SASSER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Terry Wayne Sasser appeals his conviction for aggravated sexual assault, complaining of legal and factual insufficiency.  We affirm.

BACKGROUND

Appellant was charged with one count of aggravated sexual assault and two counts of indecency with a child by contact.
(footnote: 2)  He pled not guilty to all counts.  The jury found him guilty of all counts and assessed twenty-five years’ incarceration for the aggravated sexual assault count and five years’ incarceration for each of the indecency counts.  The trial court accepted the jury’s verdict, entered judgment accordingly, and sentenced Appellant in accordance with the jury’s verdict.  We will discuss the facts pertinent to Appellant’s complaints on appeal below.

SUFFICIENCY OF THE EVIDENCE

Appellant complains that the evidence was legally and factually insufficient to support his aggravated sexual assault conviction because there was no evidence from which a rational jury could find that the injured party was younger than fourteen years of age at the time of the alleged conduct.

Standard Of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See 
Tex. Code Crim. Proc. Ann. 
art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Bowden v. State
, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref’d).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. 
 Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”  
Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s. 
 Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
 Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

Aggravated Sexual Assault

A person commits aggravated sexual assault when he intentionally or knowingly causes a child’s sexual organ to contact the mouth of another person, including the actor and the child is younger than fourteen.  
See
 
Tex. Penal Code Ann
. § 22.021(a)(1)(B)(iii), (a)(2)(B).  Appellant only contests the sufficiency of the evidence to support the jury’s finding with regard to the complainant’s age.
(footnote: 3)
 P.J.; his parents; Amanda Shane, who was P.J.’s girlfriend when he made his outcry; the sexual assault nurse examiner; and two Arlington police officers testified at trial.  We will only discuss those portions of the testimony pertinent to P.J.’s age at the time of the sexual assault.

The complainant, P.J., was born on April 26, 1988, and saw Appellant for chiropractic treatment between April 2001 and August 2003.  P.J.’s father, William, testified that P.J. was in the seventh grade when he started seeing Appellant, had almost finished his freshman year in high school when he stopped seeing Appellant, and turned thirteen at the end of his seventh grade year.  William testified that P.J. told him and his wife, “[Appellant’s] been abusing me for three years.”  He testified that P.J. told them that the abuse started two to three months after he started seeing Appellant, starting with accidental grazing and rubbing of his penis and progressing to Appellant grabbing his penis, massaging his butt, rubbing his testicles, and finally trying to masturbate him and, on occasion, trying to put his mouth on P.J.’s penis.

P.J.’s mother, Christy, testified that P.J. was twelve years old at his first treatment with Appellant in April 2001 and fifteen years old at his last treatment.  He turned thirteen not long after he started seeing Appellant.  She gave similar testimony about P.J.’s outcry, and testified that P.J. told them that it began three or four months after his first visit and then it occurred every time he went into the back room with Appellant and Appellant closed the door.

P.J. testified that he started seeing Appellant at the end of his seventh grade year, when he was thirteen, but also testified that the abuse started at the “beginning of [his] seventh grade year,” in 2001.  P.J. testified that he was twelve in the seventh grade, from 2000-2001; thirteen in the eighth grade, from 2001-2002; fourteen in ninth grade, 2002-2003; and fifteen in the tenth grade, from 2003-2004.

P.J. testified that the treatments in the back room began in 2001 when he was in eighth grade and that was when Appellant started grazing his penis while massaging him.  He testified that he thought this was accidental at first, that it happened every time he was in the back room, and that it became more frequent and became a grab instead of a sweeping motion, four to six months after he started seeing Appellant.  P.J. testified that the grabbing then became attempts to “jack [him] off” every time he went in.  After he had been going to Appellant for nine months to a year, in 2001 or 2002, “it got to a point where he tried to put his mouth on [P.J.’s] penis” and actually did so.  P.J. testified that he was fourteen when Appellant started sucking on his penis, but also that it occurred at the end of 2001 and 2002.  P.J. made his outcry to his parents in January 2004.

Viewing all of the evidence in the light most favorable to the verdict, we conclude that the jury could have determined beyond a reasonable doubt that P.J. was under fourteen years old when Appellant contacted P.J.’s penis with his mouth.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  The jury, as the sole judge of the evidence’s weight and credibility, had the responsibility to resolve the conflicts in P.J.’s own testimony and that of his parents and to weigh this evidence.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Margraves
, 34 S.W.3d at 919.  The jury could have resolved the conflicts in P.J.’s testimony—that he was fourteen when it occurred and that it began about a year after he started seeing Appellant—by comparing it with Christy’s testimony—that P.J. was twelve in seventh grade and turned thirteen while he was seeing Appellant—to determine that P.J. was still thirteen when Appellant first contacted P.J.’s penis with his mouth. Therefore, we hold that the evidence was legally sufficient to support Appellant’s conviction for aggravated sexual assault.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  We overrule Appellant’s first point.

Viewing all of the evidence in a neutral light, we reach the same conclusion with regard to the evidence’s factual sufficiency.  
See Watson
, 204 S.W.3d at 414.  The evidence supporting the jury’s determination that P.J. was younger than fourteen was not so weak that this determination was clearly wrong and manifestly unjust, nor did conflicting evidence so greatly outweigh the evidence supporting the conviction that the jury’s determination was manifestly unjust.  
See id.
 at 414-15, 417; 
Johnson
, 23 S.W.3d at 11.  Therefore, giving due deference to the jury’s determination of the weight to be given contradictory testimonial evidence, we conclude that the evidence was factually sufficient to support the jury’s determination that P.J. was younger than fourteen at the time of the sexual assault.  
See Johnson
, 23 S.W.3d at 8-9.  We overrule Appellant’s second point.

CONCLUSION

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 26, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
See
 
Tex. Penal Code Ann
.§ 21.11 (Vernon 2003) (indecency with a child);
 id
. § 22.021(a)(1)(B)(iii), (a)(2)(B) (Vernon Supp. 2006) (aggravated sexual assault).

3:
After the State rested, Appellant moved for a directed verdict on the aggravated sexual assault count because “[P.J.] affirmatively proved that he was 14 years old.”  The trial court denied the motion, stating that “[t]here was testimony both ways on that issue.”